**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**ZAHID N. QURAISHI**
UNITED STATES DISTRICT JUDGE

U.S. COURTHOUSE
402 EAST STATE STREET, ROOM 4000
TRENTON, NJ 08608

November 12, 2025

## LETTER ORDER

Re:   **STATE FARM INDEMNITY COMPANY v. GARY J. HOUTSMA**
      **Civil Action No. 25-745 (ZNQ) (RLS)**

Dear Counsel:

This matter comes before the Court upon Plaintiff State Farm Indemnity Company's ("Plaintiff") Motion for Default Judgment (the "Motion," ECF No. 7) against Defendant Gary J. Houtsma ("Gary"[1] or "Defendant"). State Farm filed a brief in support of its Motion ("Moving Br.," ECF No. 7). Gary did not file an opposition to the Motion. After careful consideration of Plaintiff's submissions, the Court decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.[2] For the reasons stated below, the Court will **DENY** Plaintiff's Motion.

Rule 55 governs default and default judgment. *See* Fed. R. Civ. P. 55. Courts may enter default judgment under Rule 55(b)(2) against a properly served defendant who does not file a timely responsive pleading. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing *Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)).

"It is well settled in this Circuit that the entry of a default judgment is left primarily to the discretion of the district court." *Hirtz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). However, "entry of default judgments is disfavored as decisions on the merit are preferred." *Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp.*, 596 F. Supp. 2d 842, 848 (D.N.J. 2008) (citing *Super 8 Motels, Inc. v. Kumar*, Civ. No. 06-5231, 2008 WL 878426, at *3 (D.N.J. Apr. 1, 2008)). In other words, the Court must remain mindful that entry of default "is a sanction of last resort." *Id.*

"In assessing whether the entry of default judgment is warranted, the court utilizes a three-step analysis, under which the Court must determine[:] (1) whether there is sufficient proof of service[;] (2) whether a sufficient cause of action was stated[;] and (3) whether default judgment is proper[.]" *Paniagua Grp., Inc. v. Hosp. Specialists, LLC*, 183 F. Supp. 3d 591, 599–600 (D.N.J.

---

[1] To avoid confusion, the Court refers to Defendant by his first name because his wife Tracy Houtsma is also relevant to this motion.
[2] Hereinafter, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

1

2016) (internal quotations omitted).

In determining the propriety of default judgment, courts must first determine whether service is proper. *Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 683 (D.N.J. 2018). Rule 4(e) sets forth how to properly serve individuals:

> (e) [A]n individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

With respect to Rule 4(e)(1), under New Jersey state law if service cannot be effectuated pursuant to New Jersey Rule 4:4-4(a), substitute modes of service are acceptable so long as a plaintiff diligently attempted to serve the defendant. N.J. Ct. R. 4:4-4(b)(1).

Here, for default judgment against Gary to be appropriate, Plaintiff must have properly served him. *See Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985). The certificate of service Plaintiff filed with the Court ("Certificate", Ex. 2) indicates that the process server served the Summons and Complaint for Declaratory Judgment and Request for Declaratory Relief on Gary's wife, Tracy Houtsma. (Ex. 2.) Although the Certificate includes a check box indicating that the process server "[l]eft copies thereof at the defendant's dwelling house . . . with a person of suitable age and discretion then residing therein[,]" the Certificate also indicates that the process server served Tracy at a Kohl's parking lot in Marlton. (*Id.*) Tracy is not, however, a party to this action. It is therefore not clear from this record how Tracy is authorized to receive service on behalf of her husband at a place other than his home, pursuant to either Rule 4(e)(2)(B) or Rule 4(e)(2)(C).

Furthermore, aside from a brief statement in the Motion, Plaintiff does not detail its attempts to serve Gary before resorting to serving his wife in a public parking lot.[3] (*See* Motion, at 1 ("On February 27, 2025, a copy of said Complaint and a Summons . . . were served upon Defendant's spouse, Tracey Houtsma, after multiple failed attempts to serve Defendant.").)

---

[3] The Court takes notice that in the automobile accident underlying the matter, Gary was driving, and Tracy was the only passenger in the one-vehicle accident. (*See* Ex. 1, Ex. D.) Thereafter, Tracy sued her husband in Ocean County Superior Court for injuries she allegedly sustained in the accident. (*See* Ex. 1, Ex. E.)

Indeed, Plaintiff indicates that process "receipts" are attached as Exhibit 2, but only one receipt—detailing service on Tracy—is included. Accordingly, service does not appear proper, and the Court will deny the Motion.

For the reasons stated above, the Motion for Default Judgment (ECF No. 7) is hereby **DENIED** without prejudice to Plaintiff's right to seek further relief. The Clerk's Office entry of default dated March 25, 2025 is hereby **VACATED**. Plaintiff shall either seek further relief or otherwise advise of its intentions by no later than **November 24, 2025**.

**IT IS SO ORDERED.**

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**